IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL RINALDI,**  :
    Petitioner  : CIVIL NO. 1:CV-13-0530
    v.  : (Judge Rambo)
**WARDEN ZICKEFOOSE,**  :
    Respondent  :

## **M E M O R A N D U M**

Petitioner Michael Rinaldi ("Rinaldi"), an inmate presently confined at the United States Penitentiary at Allenwood ("USP-Allenwood") in White Deer, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 6.) In the petition, Rinaldi challenges his 1999 convictions and sentence in the United States District Court for the Middle District of Pennsylvania. For the reasons set forth below, the instant petition will be dismissed.

## **I.**  **Background**

On June 18, 1999, Rinaldi was convicted of conspiracy to distribute narcotics, possession of a firearm, and use of a firearm in relation to drug trafficking. (Doc. 11 at 2.) On November 3, 1999, the Honorable Edwin M. Kosik in the Middle District Court sentenced him to concurrent terms of incarceration of 188 months on the drug charges, a concurrent term of incarceration of 120 months on the firearm possession charges, followed by a 60-month consecutive term of incarceration on the use of

firearm in relation to drug trafficking charge. (*Id*.) The United States Court of Appeals for the Third Circuit upheld Rinaldi's convictions and sentence, and the United States Supreme Court denied his petition for writ of certiorari. (*Id*. at 3.)

Rinaldi subsequently filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (*Id*.) In his petition, Rinaldi raised grounds of insufficient evidence and ineffective assistance of counsel. (*Id*.) His petition was denied. (*Id*.) In addition, the Third Circuit Court denied his certificate of appealability. (*Id*. at 7.)

On June 15, 2004, Rinaldi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that was denied by this court without prejudice to any right Rinaldi may have had to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b). *See Rinaldi v. Nash*, Civ. No. 1:CV-04-1287 (M.D. Pa. Jan. 13, 2005). In that petition, Rinaldi asserted challenges to the sufficiency of evidence at trial, the jury instructions, and his sentencing. (*See id*.) Following the denial of the petition, on February 14, 2005, Rinaldi sought an order from the Third Circuit Court authorizing the district court to consider a second or successive § 2255 petition pursuant to 28 U.S.C. § 2244(b)(3)(A). (*See* Doc. 11 at 9 n.2.) The Third Circuit Court denied the application.[1] *In re Rinaldi*, No. 05-1457 (3d Cir. June 23, 2005).

---

[1] Rinaldi also sought leave to file a second or successive § 2255 petition in the Third Circuit Court on January 18, 2006, *In re Rinaldi*, No. 06-1201 (3d Cir.), and February 26, 2007, *In re Rinaldi*, No. 07-1499 (3d Cir.). Those applications were denied on March 29, 2006 and April 10,

2

On April 10, 2008, Rinaldi filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. *Rinaldi v. Sniezek*, Civ. No. 1:CV-08-0679 (M.D. Pa.). In that petition, Rinaldi's sole claim was that he is "actually innocent" of the charge of conspiracy to distribute narcotics upon which he was convicted. He did not provide any explanation for his failure to raise this claim in his previous § 2255 petition. The court dismissed the petition without prejudice to any right Rinaldi may have had to move the appropriate court of appeals for an order authorizing the district court to consider a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(b). (*See id*.) The court also denied a later motion for reconsideration. (*See id*.)

Rinaldi then appealed this court's dismissal of the petition to the Third Circuit Court. *See Rinaldi v. Sniezek*, 302 F. App'x 125 (3d Cir. 2008). In a *per curiam* opinion affirming this court's decision, the Third Circuit Court held:

> We agree with the District Court that Rinaldi has not demonstrated such a limitation in § 2255's scope or procedure here. While he claims that he has presented newly discovered evidence that demonstrates his innocence, this evidence solely consists of trial transcripts and witness affidavits. Of course, the testimony was available at trial. In addition, Rinaldi does not argue, and there is no indication, that the information in the affidavits was unavailable at trial. Finally, the District Court properly denied Rinaldi's motion for reconsideration because he did not identify an intervening change in the law that prevented him from raising an actual innocence claim in his first § 2255 motion.

---

2007, respectively. (*Id*.)

3

*Id*. at 127.

On January 10, 2010, Rinaldi filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Rinaldi v. Rios*, Civ. No. 1:10-CV-00281 (M.D. Pa.). In that petition, Rinaldi restated his claims previously asserted in his 2008 § 2241 petition, including one of actual innocence, but added further claims relating to the firearms and conspiracy convictions. On May 20, 2010, this court denied the petition. (*See id.*) The court also denied a later motion for reconsideration. (*See id.*)

In the instant petition, Rinaldi again raises one claim of "actual innocence." (Doc. 6 at 6.) In support, he claims that,

> My crime did not have an affect on interstate commerce and should have been tried at the state level. My indictment does not allege an affect on commerce. In order to commit a federal offense an affect on commerce must be alleged and proven. Without an affect on commerce there is no offense committed and my conduct is not criminal.

(*Id*.) He also contends that, "21 U.S.C. 841 and 846 do not require the government to allege or prove an affect on interstate commerce," and that "his purely local conduct was beyond the power of Congress to punish." (*Id*. at 8.) As a result, he claims that his "purely local conduct is not a crime and exceeds Congress' power under the Tenth Amendment." (*Id*.) As to his delay in raising the instant claim, Rinaldi argues that he could not raise it via 28 U.S.C. § 2255 because the claim did not become available

4

until 2011 when the United States Supreme Court decided *Bond v. United States*, ___ U.S. ___, 131 S. Ct. 2355 (2011).[2]  As relief, Rinaldi requests that his conviction be vacated and that he be released from custody.  (Doc. 6 at 9.)

II.  **Discussion**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is a motion filed under 28 U.S.C. § 2255.  *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *see also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (stating challenges to a federal sentence should be brought in a § 2255 motion).  The § 2255 motion must be filed in the district court where the defendant was convicted and sentenced.  *See* 28

---

[2] In *Bond*, the Supreme Court reversed a decision of the Third Circuit Court, which had determined that only the state itself could argue that a federal statute violated the Tenth Amendment; the Supreme Court held that individuals have standing to challenge federal statutes on Tenth Amendment grounds when they are directly affected by the statute.  *Bond*, 131 S. Ct. at 2363-64 ("The individual, in a proper case, can assert injury from governmental action taken in excess of the authority that federalism defines.  Her rights in this regard do not belong to a State.").

U.S.C. § 2255(a) (the motion must be filed in "the court which imposed the sentence").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). Habeas corpus under § 2241 is "reserved for rare cases," and therefore, this "safety-valve" provision of § 2255 must be strictly construed. *In re Dorsainvil*, 119 F.3d at 251.

Further, the inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent

gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant petition, Rinaldi alleges that he satisfies the gatekeeping provisions of § 2255 because of a change in the law which occurred after his direct appeal and § 2255 motion. Specifically, Rinaldi claims that the Supreme Court's holding in *Bond v. United States*, 131 S. Ct. 2355 (2011), now allows him to raise a Tenth Amendment claim based on federalism. (Doc. 6 at 8.) In *Bond*, the Supreme Court held that a litigant convicted of a federal offense has standing to bring a constitutional claim that Congress exceeded its power under the Tenth Amendment in enacting the applicable criminal statute. *Bond*, 131 S. Ct. at 2366-67. The Supreme Court did not hold that such a claim could be raised in a § 2241 petition, and the Court did not invalidate any federal criminal statutes. *Blodgett v. Martin*, 453 F. App'x 493, 493-94 (5th Cir. 2011). Rinaldi attempts to make such a constitutional claim here, contending that his "purely local conduct is not a crime and exceeds Congress' power under the Tenth Amendment," and therefore he should have been

tried in state court rather than federal court.³ (Doc. 6 at 8.) However, Rinaldi provides no indication that the decision in *Bond*, or any change in law subsequent to his direct appeal or § 2255 motion, has rendered the conduct for which he was convicted non-criminal. Nor has Rinaldi cited any authority to demonstrate that the provisions of the federal Controlled Substances Act at 21 U.S.C. §§ 841 and 846, under which he was convicted, is unconstitutional. Therefore, because Rinaldi has failed to establish that § 2255 is inadequate or ineffective to test the legality of his detention or sentence, his petition will be dismissed.

---

³ Notably, as Respondent points out, Rinaldi's indictment leading to his convictions belies his assertions with respect to an effect on interstate commerce. Count 1 of Rinaldi's indictment alleged that:

> [the] manner and means by which the Defendants and their co-conspirators sought to accomplish the objectives of the conspiracy included, among others, the following:
> 1. The Defendants and/or their co-conspirators would obtain marijuana and cocaine in New York City for transportation of those controlled substances to Wilkes-Barre, Luzerne County, Pennsylvania.

(Doc. 11 at 20) (citing Indictment). The indictment also alleged the following: "In or about April 1998, Defendants, Michael Rinaldi and Thomas Rhone aka 'Ron,' obtained 10 ounces of cocaine in New York and transported the cocaine to Wilkes-Barre for distribution to others." (*Id.*)

8

**III.    Conclusion**

Based on the foregoing discussion, Rinaldi's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed.

An appropriate order will issue.

S/SYLVIA H. RAMBO<br>United States District Judge

Dated: May 23, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL RINALDI,** :
:
    Petitioner : CIVIL NO. 1:CV-13-0530
:
v. : **(Judge Rambo)**
:
**WARDEN ZICKEFOOSE,** :
:
    Respondent :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 6) is **DISMISSED** without prejudice to any right Petitioner may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

2) The Clerk of Court is directed to **CLOSE** this case.

                                            <u>S/SYLVIA H. RAMBO</u>
                                            United States District Judge

Dated: May 23, 2013.